**DOLLAR TREE STORES, INC., Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (REICHERT), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 20, 2007.

Decided Aug. 13, 2007.

Andrea Weaver, Media, for petitioner.

James B. Mogul, Bala Cynwyd, for respondent.

BEFORE: McGINLEY, Judge, PELLEGRINI, Judge, and LEAVITT, Judge.

OPINION BY Judge PELLEGRINI.

Dollar Tree Stores, Inc. (Employer) appeals from an order of the Workers' Compensation Appeal Board (Board) reversing that part of the Workers' Compensation Judge's (WCJ) decision finding that it was entitled to recoupment of an overpayment of workers' compensation benefits made to James Reichert (Claimant).

On April 2, 2001, Claimant sustained work-related injuries to his lower back and left leg and began receiving workers' compensation benefits, apparently without

Employer issuing a Notice of Compensation Payable (NCP).[1] On August 3, 2005, alleging that it was paying compensation based on an incorrect average weekly wage, Employer filed a review petition seeking to reduce the weekly compensation amount and credit against future compensation that amount that it overpaid. Prior to a hearing before the WCJ, the parties executed a Stipulation of Facts which set forth the following relevant facts:

- Claimant's average weekly wage should be amended to $747.24, resulting in a weekly compensation rate of $498.17;
- Claimant was not at fault for the miscalculation of his weekly compensation payments;
- The incorrect compensation rate was calculated by Specialty Risk Services;
- The miscalculation of Claimant's weekly compensation rate resulted in a total overpayment of compensation in the amount of $27,164.99 during the period from April 3, 2001, through October 14, 2005;
- Claimant will be paid ongoing benefits at the rate of $498.17 per week;
- Employer did not violate any provision of the Workers' Compensation Act (Act).[2]

The WCJ adopted these facts as her own and granted Employer's petition allowing Employer a $112 per week future credit against Claimant's compensation until Employer had recouped the overpayment that it made to Claimant.

Claimant appealed to the Board. Noting that recoupment against a claimant for

---

1. Claimant was paid $642.64 per week from April 3, 2001, through April 30, 2001; $632.63 per week from May 1, 2001, through August 20, 2001; and $611 per week from August 21, 2001 ongoing into the future.

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.3, 2501–2626.

compensation was only authorized by one provision of the Act, Section 413(a), 77 P.S. § 772,[3] and then only to correct an agreement filed with the Board, Claimant contended that recoupment should not have been ordered because there was no agreement to modify as Employer failed to issue an NCP, a supplemental agreement or an agreement for compensation regarding his injury. Citing to *Kiebler v. Workmen's Compensation Appeal Board (Specialty Tire of America)*, 738 A.2d 510 (Pa. Cmwlth.1999),[4] the Board reversed, finding that recoupment could only be ordered due to an error in agreement, and no such agreement existed in this case. This appeal by Employer followed.[5]

Not disputing that it did not pay compensation pursuant to an agreement, Employer, relying on *Fahringer*, contends that recoupment for overpayment can also be ordered based on the doctrine of unjust enrichment. In *Fahringer*, a claimant received a large overpayment of benefits but, unlike here, paid initially pursuant to an NCP and later a supplemental agreement. We allowed recoupment under Section 413(a) of the Act because it allowed correction of an agreement and awarded restitution where a mathematical miscalculation occurred, but that power was limited to correcting errors in *existing agreements*. Regarding the principle of unjust enrichment, we stated:

> The doctrine of unjust enrichment is an equitable one; the Board, however, *does not have its roots in equity*. While we do not believe that this fact precludes the Board from employing certain equitable principles, its use of such principles must be restricted in light of its *statutory constraints*. (Emphasis added.)

*Id.* at 603, 529 A.2d 56. *Fahringer* then does not support, as Employer suggests, that the Board has equitable powers to order recoupment under the doctrine of unjust enrichment; to the contrary, it holds that a claimant can only be ordered to reimburse an employer under Section 413(a) of the Act if there exists an "incorrect agreement to modify."

▪ If the doctrine of unjust enrichment is not available to order recoupment, Employer argues that the Stipulation of Facts entered into by the parties is an "agreement" within the meaning of Section 413(a) of the Act. While that certainly is an imaginative argument, the Stipulation of Facts does not qualify as one of those documents because it was not entered into for the purpose of paying compensation,

3. Section 413(a) of the Act provides the following:

> A workers' compensation judge may, at any time, review and modify or set aside a notice of compensation payable and an original or supplemental agreement or upon petition of compensation payable and an original or supplemental agreement or upon petition filed by either party with the department, or in the course of the proceedings under any petition pending before such workers' compensation judge, if it be proved that such notice of compensation payable or agreement was in any material respect incorrect.

4. *Kiebler* involved the overpayment of a bonus by the employer who had issued an NCP and later sought to recoup the overpayment from the claimant's future benefit payments rather than from the supersedeas fund. Relying on *Fahringer, McCarty & Grey, Inc. v. Workmen's Compensation Appeal Board (Green)*, 107 Pa. Cmwlth.597, 529 A.2d 56 (1987), we held that the employer was entitled to recoup the overpayments.

5. Our scope of review of the Board's decision is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Schemmer v. Workers' Compensation Appeal Board (U.S.Steel)*, 833 A.2d 276 (Pa.Cmwlth.2003).

was not a Bureau of Workers' Compensation document, and only was entered into to "expedite the litigation and avoid unnecessary litigation expenses." (Stipulations of Facts at 2.)

Because under Section 413(a) of the Act, only the WCJ had the power to order a recoupment for an overpayment paid under an agreement, the Board properly reversed the WCJ's order awarding Employer a credit for the overpayment of benefits.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this *13th* day of *August,* 2007, the order of the Workers' Compensation Appeal Board, dated April 5, 2007, at No. A06–0502, is affirmed.