**COMMONWEALTH of PA/Dept. of Transportation, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (NOLL), Respondent.**

**Joseph Carey Noll, Petitioner**

v.

**Workers' Compensation Appeal Board (Commonwealth of PA/Dept. of Transportation), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 30, 2013.

Decided Nov. 6, 2013.

John C. Swartz, Harrisburg, for designated petitioner Commonwealth of Pennsylvania, Department of Transportation.

Jason M. Weinstock, Harrisburg, for respondent Joseph Noll.

BEFORE: COHN JUBELIRER, Judge, LEAVITT, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge LEAVITT.

The Commonwealth of Pennsylvania, Department of Transportation (Employer) and Joseph Carey Noll (Claimant) have filed cross petitions for review [1] of an adjudication of the Workers' Compensation Appeal Board (Board) denying Employer's request for recoupment of an overpayment of compensation to Claimant and denying Claimant an award of attorney's fees. The Board held that there had been an overpayment, but it denied Employer recoupment for the stated reason that Employer did not demonstrate that its overpayment was based upon a mistaken belief. Concluding that the Board erred in this regard, we reverse and remand for further findings on Employer's recoupment request. However, we affirm the remainder of the Board's order that reversed the Workers' Compensation Judge's (WCJ) award of attorney's fees to Claimant for an unreasonable contest by Employer.

On June 19, 1995, Claimant injured his left shoulder while working as a highway

---

1. By order of this Court, the petitions for review were consolidated.

foreman.[2] Claimant and Employer executed an agreement providing for five weeks of total disability compensation followed by a suspension. Claimant's average weekly wage at the time of injury was $863.84, which yielded a weekly total disability compensation rate of $509. Claimant continued to work at his pre-injury job with restrictions until Employer discharged him in August 1997. The discharge was grieved and settled. Claimant returned to work at a different job, *i.e.*, transportation equipment operator, at a lower salary.

In July of 1999, Claimant suffered a recurrence of his 1995 work injury. On July 23, 1999, the parties executed a supplemental agreement under which Employer paid Claimant a weekly total disability benefit of $433.50. Claimant returned to modified-duty work as a parts runner from August 1999 until June 2, 2000, when Employer informed him that work within his restrictions was no longer available. Employer agreed to reinstate total disability benefits as of June 3, 2000.

Claimant filed a petition to review compensation benefits, asserting that Employer was not paying him the correct amount of disability. Employer answered that it was paying weekly compensation in the amount of $433.50 because Claimant was working at a lower paying job when his work injury recurred.[3] The WCJ found that Claimant's average weekly wage on the date of his 1995 work injury was determinative and, thus, ordered Employer to pay Claimant total disability benefits of $509 per week as of June 3, 2000, and ongoing. Finding Employer's contest of Claimant's review petition to be unreason-

able, the WCJ ordered Employer to pay *quantum meruit* fees of 20% "of all past due and owing benefits directly to Claimant's counsel not [to be deducted] from Claimant's proceeds." WCJ Decision, March 19, 2002, at 12, Order ¶ 5; Reproduced Record at 91a (R.R. _____). Finally, the WCJ approved the contingent fee agreement between Claimant and his counsel and directed Employer "to deduct 20% of the claimant's benefits and pay them directly to counsel." *Id.* at ¶ 6. Employer appealed, and the Board affirmed. No further appeal was taken.

In December 2004, Employer filed a termination petition and a suspension petition. Employer contended that Claimant was fully recovered from his 1995 injury and, in any case, had retired and had voluntarily withdrawn from the workforce. The WCJ denied both petitions. The WCJ approved Claimant's 20% contingent fee agreement with his counsel and ordered Employer to pay Claimant's "reasonable counsel fees and litigation costs." WCJ Decision, March 15, 2006, at 7, Order ¶ 3; R.R. 66a. The WCJ did not make any findings or conclusions regarding an unreasonable contest nor did Claimant's counsel submit a *quantum meruit* exhibit. No appeal was taken.

Employer then filed a modification petition based upon its referrals of jobs suitable for Claimant. The WCJ denied the modification but concluded that Employer's contest was reasonable. The WCJ approved Claimant's 20% contingent fee agreement with his counsel. No appeal was taken.

In April 2010, Employer filed the instant petition to review compensation benefits,

---

2.  The parties have engaged in significant litigation over many years; we recite only the history directly relevant to the instant appeal.

3.  Employer filed petitions seeking a termination based on full recovery or, in the alternative, a modification of benefits because Claimant failed to pursue offered jobs in good faith. The WCJ denied these petitions.

asserting that it had overpaid Claimant in the amount of $30,540. Employer sought to recover the overpayment by taking a $75 weekly credit toward his weekly disability payment. Claimant denied that he had been overpaid or that Employer was entitled to recoupment. The review petition was assigned to the same WCJ who decided the prior petitions, and he held a hearing at which both parties appeared by their counsel. No testimony was presented.

Employer offered into evidence a computer printout documenting an overpayment of $30,540 made to Claimant between March 6, 2004, and December 4, 2009. Employer, by counsel, explained the overpayment. Employer had paid Claimant $509 per week without deducting 20% for Claimant's attorney fee because of a misunderstanding of the WCJ's orders. Employer should have paid Claimant $407.20 and Claimant's counsel $101.80 each week, for a total of $509 each week.

Claimant, by his counsel, argued that this was not an overpayment because the WCJ had ordered the 20% counsel fee to be paid in addition to Claimant's weekly compensation check. Claimant argued that, in any case, the "overpayment" resulted from Employer's unilateral mistake and, thus, could not be recovered from Claimant.

The WCJ denied Employer's review petition. The WCJ found that there was no overpayment because his prior orders required that Claimant be paid $509 per week. Further, even if there had been an overpayment, Employer could not recoup money from Claimant because under *Dollar Tree Stores, Inc. v. Workers' Compensation Appeal Board (Reichert)*, 931 A.2d 813 (Pa.Cmwlth.2007), recoupment is per-

mitted only where there has been a mathematical miscalculation or a mistake in the agreement by which the claimant receives compensation. Neither was the case here. Accordingly, the WCJ ordered Employer to "continue to pay Claimant weekly wage loss benefits in the amount of $509.00, and pay Claimant's counsel fees [of 20% of Claimant's benefits] over and above the $509.00 consistent with this [WCJ's] prior orders." WCJ Decision, December 29, 2010, at 5, Conclusion of Law 2; R.R. 33a. Concluding that Employer did not present a reasonable contest in filing its review petition, the WCJ ordered Employer to "pay the *quantum meruit* itemization to Claimant's counsel." *Id.* at 5, Order.[4] Employer appealed.

The Board denied Employer's review petition, but it reversed the WCJ's findings. The Board held that Claimant had, indeed, been overpaid. It reasoned that the WCJ misinterpreted his prior orders and ordered relief not authorized by the Workers' Compensation Act[5] (Act) because the Act does not allow the payment of unreasonable contest fees over an indefinite period of time. With regard to the recoupment, the Board concluded that the WCJ's reliance on *Dollar Tree* was misplaced, noting that recoupment was not limited to overpayments made because of a mistake in the parties' agreement. Rather, recoupment is available where the employer has made overpayments in the mistaken belief that they are required. The Board held that Employer's evidence, the computer printout, did not prove that Employer had made the payments under a "mistaken belief." Board Adjudication at 8; R.R. 12a. Therefore, the Board denied recoupment. Finally, the Board concluded that Employer's contest was reasonable

---

**4.** The record contains no *quantum meruit* itemization nor any mention of one.

**5.** Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4, 2501–2708.

and vacated the WCJ's award of *quantum meruit* attorney's fees. Both Claimant and Employer then petitioned for this Court's review.[6]

On appeal, Claimant raises two issues for our consideration. First, Claimant argues that the Board erred in finding that Employer had overpaid his benefits. Second, Claimant argues that the Board erred in concluding that Employer's contest was reasonable. For its part, Employer raises one issue, namely, that the Board erred in denying Employer recoupment after it found that Claimant had received payment to which he was not entitled.

■ We begin with the question of whether an overpayment occurred. Claimant argues, simply, that Employer paid him the exact amount of weekly compensation ordered by the WCJ. We disagree.

Under the Act, the claimant's counsel fees can be chargeable to the claimant or to the employer. Section 442 of the Act[7] requires the WCJ to approve a contingent fee agreement whereby counsel fees are paid directly out of the amount of compensation awarded to the claimant. These counsel fees may not exceed 20% of the claimant's compensation. However, Section 440(a) of the Act[8] provides that if the employer does not have a reasonable basis to contest liability, the employer shall pay "a reasonable sum for costs incurred for attorney's fee" in addition to the award of compensation. 77 P.S. § 996(a). Stated otherwise, the claimant receives the full compensation award "undiminished by the costs of litigation." *Wood v. Workers' Compensation Appeal Board (Country Care Private Nursing)*, 915 A.2d 181, 186 (Pa.Cmwlth.2007).

Where fees are awarded because the employer's contest is unreasonable, the WCJ must determine the amount of a reasonable fee. Section 440(b) of the Act directs the WCJ to make

> a finding as to the amount and the length of time for which such counsel fee is payable based upon the complexity of the factual and legal issues involved, the skill required, the duration of the proceedings and the time and effort required and actually expended.

77 P.S. § 998 (emphasis added).

---

6. This Court's review of an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. *City of Philadelphia v. Workers' Compensation Appeal Board (Brown)*, 830 A.2d 649, 653 n. 2 (Pa.Cmwlth.2003).

7. Section 442 was added by the Act of February 8, 1972, P.L. 25. It states, in relevant part, as follows:
   > All counsel fees, agreed upon by claimant and his attorneys, for services performed in matters before any workers' compensation judge or the board, whether or not allowed as part of a judgment, shall be approved by the workers' compensation judge or the board as the case may be, *providing the counsel fees do not exceed twenty per centum of the amount awarded.*

8. Section 440 was added by the Act of February 8, 1972, P.L. 25. Section 440(a) states, in relevant part, as follows:
   > In any contested case where the insurer has contested liability in whole or in part ... the employe ... in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

   77 P.S. § 996(a).

77 P.S. § 996(b). This is a *quantum meruit* standard, requiring the claimant to show, by evidence, the value of the work done by the claimant's attorney. *Ramich v. Workers' Compensation Appeal Board (Schatz Electric, Inc.)*, 564 Pa. 656, 664, 770 A.2d 318, 323 (2001). An attorney's fee that simply adds 20% to the claimant's weekly compensation indefinitely does not relate to the work actually done. Accordingly, it is not authorized by the Act. *Eugenie v. Workmen's Compensation Appeal Board (Sheltered Employment Service)*, 140 Pa.Cmwlth. 51, 592 A.2d 358, 361 (1991).

In his March 2002 decision, the WCJ ordered Employer to pay Claimant disability benefits at the rate of $509 per week as of June 3, 2000. WCJ Decision, March 19, 2002, at 12, Order ¶ 3; R.R. 91a. He also directed Employer "to deduct 20% of the claimant's benefits and pay them directly to counsel" pursuant to Section 442 of the Act. *Id.*, Order at ¶ 6. Finally, the WCJ ordered Employer to pay *quantum meruit* fees of 20% "of all *past due and owing* benefits directly to Claimant's counsel not [to be deducted] from Claimant's proceeds." *Id.*, Order at ¶ 5 (emphasis added). The wording of this order is confusing because it does not state dollar amounts. Nevertheless, the order specifies a *quantum meruit* fee of 20% of benefits that were past due and owed to Claimant on the date of the order. Thereafter, Employer was to deduct 20% of Claimant's weekly benefits going forward, consistent with Claimant's contingent fee agreement with counsel. This computes to be $407.20 for Claimant and $101.80 for Claimant's counsel each week. In short, the WCJ erred in holding that his 2002 orders required Employer to pay an ongoing *quantum meruit* fee *in addition to* the full amount of benefits awarded to Claimant.

Further, as aptly pointed out by the Board, such an award would have been improper because Section 440(b) of the Act requires a *quantum meruit* fee to represent a "reasonable sum" based on the work actually done by counsel in a particular case. 77 P.S. § 996(b). An indefinite award of 20% of all future benefits cannot be shown to be a "reasonable sum," as required by Section 440(b). It is an improper punitive award. *Eugenie*, 592 A.2d at 361.

Having concluded that there was an overpayment, we turn to the issue of Employer's request for recoupment. Employer argues that *Lucey v. Workmen's Compensation Appeal Board (Vy–Cal Plastics & PMA Group)*, 557 Pa. 272, 732 A.2d 1201 (1999) (plurality opinion), and *Mino v. Workers' Compensation Appeal Board (Crime Prevention Association)*, 990 A.2d 832 (Pa.Cmwlth.2010), authorize recoupment where necessary to prevent unjust enrichment, which it contends to be the case here. Claimant rejoins that *Dollar Tree* prohibits recoupment except where the payments are being made under an agreement of the parties, as opposed to an order of the WCJ.

As a general rule, employers seek reimbursement of benefit overpayments from the supersedeas fund. However, there are circumstances where an employer can recoup an overpayment directly from the claimant, *i.e.*, to prevent unjust enrichment or a double recovery. *Kiebler v. Workers' Compensation Appeal Board (Specialty Tire of America)*, 738 A.2d 510, 513–14 (Pa.Cmwlth.1999). The circumstances where recoupment from the claimant has been permitted vary.

In *Fahringer, McCarty & Grey, Inc. v. Workmen's Compensation Appeal Board (Green)*, 107 Pa.Cmwlth. 597, 529 A.2d 56 (1987), the employer miscalculated the claimant's average weekly wage and did

not detect the error for two years, resulting in an overpayment of more than $5,200. This Court allowed the employer recoupment based on principles of unjust enrichment. We explained that:

> The doctrine of unjust enrichment is an equitable one; the Board, however, does not have its roots in equity. While we do not believe that this fact precludes the Board from employing certain equitable principles, its use of such principles must be restricted in light of its statutory constraints.

*Fahringer*, 529 A.2d at 59. We concluded that Section 413(a) of the Act permits the Board to modify an agreement that contains a material mistake.[9]

In *Dollar Tree*, the employer paid disability benefits to the injured claimant without issuing a notice of compensation payable or executing an agreement for compensation. After four and a half years, the employer realized that it had been paying an inflated amount because of a miscalculated average weekly wage. This Court denied recoupment from the claimant because, unlike the facts in *Fahringer*, there was no "incorrect agreement to modify" under Section 413(a) of the Act. *Dollar Tree*, 931 A.2d at 815.

Different facts were present in *Lucey*, 557 Pa. 272, 732 A.2d 1201. There, the employer remitted $140,000 to the claimant to pay for his hospital bill. The claimant then negotiated a settlement with the hospital, which agreed to accept $110,000 as full payment. The claimant kept the remaining $30,000 and the employer petitioned for a credit against the claimant's future disability and medical benefits. Our Supreme Court looked to the Restatement of Restitution, which states as follows:

> A person who has paid another an excessive amount of money because of an *erroneous belief induced by a mistake of fact that the sum paid was necessary for the discharge of a duty*, for the performance of a condition, or for the acceptance of an offer, is entitled to restitution of the excess.

*Lucey*, 557 Pa. at 278, 732 A.2d at 1204 (emphasis added). Because the employer mistakenly believed that $140,000 was necessary to cover the claimant's medical bills, it was held to be entitled to restitution of the $30,000 kept by the claimant. The employer was authorized to recoup this amount by reducing the claimant's future benefits.

This Court reached the same result in *Mino*, 990 A.2d 832. There, the claimant began working reduced hours because of his work injury and, thus, was awarded partial disability benefits. Unbeknownst to the insurer, the employer had continued to pay the claimant his full salary despite his abbreviated workday, which resulted in an overpayment of approximately $22,000. The insurer sought to offset the overpayment against the claimant's future benefits on the theory of unjust enrichment. This Court rejected the claimant's argument that recoupment is available only where there has been a miscalculation in an agreement. We concluded that under *Lucey*, the insurer was entitled to an offset against the claimant's future benefits because its payments had been made under the mistaken belief that they were required; this mistake unjustly enriched the claimant.

---

9. Section 413(a) states, in relevant part, as follows:

> A workers' compensation judge may, at any time, review and modify or set aside a notice of compensation payable and an original or supplemental agreement ... if it be proved that such notice of compensation payable or agreement was in any material respect incorrect.

77 P.S. § 771.

*Dollar Tree* is not dispositive. *Dollar Tree* held that Section 413(a) allows recoupment of an overpayment where the existing agreement contains a miscalculated average weekly wage. However, *Dollar Tree* did not limit recoupment to cases where there is a Section 413(a) agreement; that just happened to be the circumstance present in *Dollar Tree.* Both *Lucey* and *Mino* teach that recoupment is permitted in other circumstances to prevent unjust enrichment.

Here, the Board concluded that Employer did not show that it made the overpayment under a mistaken belief. The Board erred in this regard.

The question was a legal one that required a construction of the WCJ's orders. Employer informed the WCJ that it had mistakenly interpreted the WCJ's prior orders to require the payment of $509 each week to Claimant undiminished by counsel fees. Claimant and his counsel labored under the same misunderstanding of the WCJ's orders, and, thus, did not notify Employer of the overpayment. Claimant was unjustly enriched by the receipt of benefits to which he was not entitled. In short, Employer proved that it paid the $509 per week undiminished by counsel fees under the mistaken belief that those payments were necessary to discharge its duty under the WCJ's orders. This entitles it to a credit against Claimant's future workers' compensation benefits to prevent unjust enrichment under the principle established in *Lucey* and *Mino.*[10]

■ Employer requests a dollar-for-dollar credit of $101.80 per week, the amount Employer was overpaying Claimant. However, Employer originally sought a credit of $75 per week, although the reason for selecting that figure was not explained. Presumably, Claimant's weekly workers' compensation benefit checks are his only source of income. In *Fahringer,* this Court remanded for the Board to set an amount to be credited the employer from each of the claimant's benefit checks that "the Board believes will be just under the circumstances and manageable for Claimant." *Fahringer,* 529 A.2d at 59. Likewise, we remand the matter to the Board, which may remand to the WCJ to accept evidence and make a finding as to how much Claimant can afford to repay each week.

■ Finally, Claimant argues that the Board erred in reversing the award of *quantum meruit* attorney's fees. Under Section 440(a) of the Act, a claimant who is successful in litigation is entitled to attorney's fees where the employer's contest was unreasonable. 77 P.S. § 996(a). Whether an employer's contest is reasonable is a question of law fully reviewable on appeal. *Thompson v. Workers' Compensation Appeal Board (Cinema Center),* 981 A.2d 968, 973 (Pa.Cmwlth.2009). Because we have determined that Employer is entitled to its request for recoupment, Employer has prevailed in this litigation. Necessarily, its contest was reasonable, and Claimant is not entitled to *quantum meruit* attorney's fees.

For these reasons, we reverse in part and affirm in part. We affirm the Board's order reversing the WCJ's directive that

10. Claimant attempts to distinguish *Lucey* and *Mino* by pointing out that the claimants in those cases were at least somewhat at fault for the overpayment by negotiating a lower medical bill payment or by collecting both full salary and disability benefits, which was wrong. Claimant argues that he was simply collecting the disability benefits that he believed the WCJ had awarded him. Claimant's fault or lack thereof is not relevant. He was unjustly enriched by Employer's excess payment of benefits, entitling Employer to recoup that overpayment from him.

Employer continue to pay Claimant $509 per week and $101.80 to Claimant's counsel and vacating the WCJ's award of unreasonable contest attorney's fees. We reverse the Board's order denying Employer's request for recoupment of its overpayment and remand the matter for a determination of a just and manageable sum for the weekly credit amount.

Judge BROBSON did not participate in the decision in this case.

## ORDER

AND NOW, this 6th day of November, 2013, the order of the Workers' Compensation Appeal Board dated April 19, 2013, in the above captioned matter is hereby REVERSED as to the denial of the review petition requesting a credit against future workers' compensation benefits in order to recoup an overpayment and AFFIRMED in all other respects. The matter is REMANDED for purposes consistent with the foregoing opinion.

Jurisdiction relinquished.