Ana Nunez,                                        :
                          Petitioner              :
                                                  :
                    v.                            :
                                                  :
Workers' Compensation Appeal                      :
Board (FedEx SmartPost, Inc.),                    :    No. 1459 C.D. 2019
                          Respondent              :    Submitted: August 14, 2020


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE J. ANDREW CROMPTON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED:  September 29, 2020


        Ana Nunez (Claimant) petitions this Court for review of the Workers'
Compensation (WC) Appeal Board's (Board) September 20, 2019 order affirming the
Workers' Compensation Judge's (WCJ) decision denying her Petition for Penalties
(Second Penalty Petition).  The sole issue before this Court is whether the Board erred
by affirming the WCJ's decision.  After review, we affirm.

        On August 25, 2013, Claimant sustained an injury while sorting packages
in the course of her employment.  On September 27, 2013, FedEx SmartPost, Inc.
(Employer) issued a Notice of Temporary Compensation Payable accepting Claimant's
work injury as a left wrist sprain/strain.  On November 14, 2014, Employer filed a
Petition for Termination of WC Benefits (Termination Petition), effective November
10, 2014.  On February 16, 2015, Claimant filed a Petition for Review of WC Benefits
(Review Petition) alleging an incorrect injury description, and a penalty petition (First
Penalty Petition) asserting that Employer failed to properly issue wage loss checks.  On
December 10, 2015, the WCJ denied Claimant's Review Petition and First Penalty

Petition, and granted Employer's Termination Petition ruling that Employer had met its burden of proving Claimant fully recovered from her work-related injury as of November 10, 2014 (December 10, 2015 Decision and Order). Specifically, the WCJ concluded as a matter of law:

> 1. All [p]arties are bound by the . . . [WC Act[1] (Act)], as amended.
>
> 2. Claimant has failed to meet her burden of proving a material mistake with respect to the description of injury. Claimant's Review Petition must be denied.
>
> 3. Employer has met its burden of proving Claimant fully recovered from her work[-]related injury as of November 10, 2014. Employer's Termination [P]etition must be granted.
>
> 4. Claimant failed to prove Employer violated the . . . Act. Claimant's [First] Penalty Petition must be denied.
>
> 5. Employer's contest has been reasonable at all times.

December 10, 2015 Decision and Order at 10.

On December 23, 2015, Claimant filed with the Board an Online Appeal and Proof of Service, including a statement of alleged errors (Appeal Form), *see* Reproduced Record (R.R.) at 192a-211a, challenging only the WCJ's denial of her Review Petition, claiming that the WCJ erred by placing the burden on Claimant to prove a material mistake in the injury description. Claimant did not raise any issues pertaining to the WCJ's decision granting the Termination Petition or denying the First Penalty Petition. Also on December 23, 2015, Claimant filed with the Board a Request for Supersedeas, referencing her appeal from the WCJ's denial of her Review Petition and identifying the same alleged error set forth in her appeal - that the WCJ incorrectly placed the burden on Claimant to prove a material mistake in the injury description. *See* R.R. at 219a. On January 15, 2016, 36 days after the WCJ issued the December

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

10, 2015 Decision and Order, the Board granted the supersedeas request pending oral argument (Supersedeas Order). On March 4, 2016, Claimant filed the Second Penalty Petition, claiming that Employer violated the Supersedeas Order. The WCJ conducted a hearing on April 19, 2016. On April 21, 2016, the WCJ dismissed the Second Penalty Petition because the issue of whether Employer violated the Act by failing to pay wage loss and medical benefits was not ripe for decision (April 21, 2016 Decision and Order).

Claimant appealed from the April 21, 2016 Decision and Order to the Board. On December 13, 2016, the Board affirmed the WCJ's December 10, 2015 Decision and Order. However, the Board vacated the WCJ's April 21, 2016 Decision and Order dismissing the Second Penalty Petition, and remanded the matter to the WCJ for a determination of whether Employer continued to pay WC benefits in accordance with the Supersedeas Order and, if not, for the WCJ to reconsider the Second Penalty Petition.

On December 4, 2017, the WCJ determined that Employer did not pay benefits pursuant to the Board's Supersedeas Order, concluding: Claimant appealed only a single legal conclusion which pertained strictly to the Review Petition; Claimant's appeal did not mention the Termination Petition; because the Review Petition was the only matter on appeal, only the injury description was at issue; and the granting of a supersedeas on that issue could only trigger an obligation to pay medical expenses for the alleged additional injuries. The WCJ further concluded that Claimant did not meet her burden of proving that Employer violated the Act because a claimant does not have standing to request supersedeas and the Board does not have the power to grant supersedeas on medical liability. Thus, the WCJ denied and dismissed the Second Penalty Petition. On December 26, 2017, Claimant appealed to the Board.

On September 20, 2019, the Board affirmed the WCJ's decision on different grounds, disagreeing that a claimant may not request a supersedeas and

3

clarifying that a WCJ may not review the Board's grant of a supersedeas. The Board further rejected the WCJ's finding that Claimant failed to appeal from the granting of the Termination Petition and that her failure to do so meant that granting the supersedeas request only obligated Employer to pay medical expenses. The Board explained:

> [W]e recognize that [Employer] prevailed on the previous appeal before us, and therefore, Claimant's disability and medical benefits were terminated. Although the Board does not have its roots in equity [], we are not precluded from employing certain equitable principles in the interest of justice. *Fahringer, McCarty & Grey, Inc. v.* [*Workmen's Comp. Appeal Bd.*] *(Green)*, 529 A.2d 56 (Pa. Cmwlth. 1987) (Commonwealth Court directed the Board to fashion an order of restitution to be just under the circumstances).[2]
>
> The assessment of penalties, as well as the amount of penalties imposed, is discretionary, and the Board will not overturn a penalty on appeal absent an abuse of discretion by the WCJ. *Farance v.* [*Workers' Comp. Appeal Bd.*] *(Marino Bros., Inc.)*, 774 A.2d 785 (Pa. Cmwlth. 2001). We therefore determine that[,] although the WCJ erred in her conclusion that we improperly granted Claimant's supersedeas request, [] we affirm the WCJ's decision on other grounds and

---

[2] "[A]n administrative agency, a creature of statute, can exercise only those powers 'conferred upon it by the [General Assembly] in clear and unmistakable language.'" *Young v. Pa. Bd. of Prob. & Parole*, 189 A.3d 16, 22 (Pa. Cmwlth. 2018) (quoting *Aetna Cas. & Sur. Co. v. Ins. Dep't*, 638 A.2d 194, 200 (Pa. 1994)). Consequently, the Board reads *Fahringer* far too broadly. This Court has recognized the Board's ability to exercise certain equitable principles in **limited** circumstances, particularly, those involving restitution and unjust enrichment where an overpayment has occurred. *See, e.g., Dollar Tree Stores, Inc. v. Workers' Comp. Appeal Bd. (Reichert)*, 931 A.2d 813 (Pa. Cmwlth. 2007); *Kiebler v. Workers' Comp. Appeal Bd. (Specialty Tire of Am.)*, 738 A.2d 510 (Pa. Cmwlth. 1999); *Fahringer*. In *Fahringer*, this Court prohibited the Board from granting restitution due to mathematical miscalculations in an agreement that had been replaced by a supplemental agreement. This Court explained, "[t]he Board . . . does not have its roots in equity. While we do not believe that this fact precludes the Board from employing certain equitable principles, **its use of such principles must be restricted in light of its statutory constraints**." *Fahringer*, 529 A.2d at 59 (emphasis added). The Court did hold that the Board had authority, pursuant to Section 413 of the Act, 77 P.S. § 771, to grant restitution with respect to the existing supplemental agreement. Thus, *Fahringer* does not authorize the Board's exercise of equitable powers in the instant matter.

4

determine that, while [Employer] violated the Act, we nevertheless affirm the denial of the penalty based on these unique facts.

R.R. at 385a. Claimant appealed to this Court.[3] On April 3, 2020, the Board filed an Amicus Curiae brief.

Initially, this Court notes the unusual posture of this case. Unlike most cases where an employer or insurer seeks a supersedeas to suspend its duty to pay benefits pending an appeal, here, Claimant sought a supersedeas to require Employer to continue paying benefits pending the disposition of Claimant's appeal. This Court questions whether an employer's failure to adhere to an order granting a claimant's request for a supersedeas constitutes a violation of the Act, the rules, or regulations, since it is usually the employer or insurer that requests the supersedeas.[4] Given this Court's disposition of this matter, it need not resolve that issue.

Section 435(d) of the Act,[5] 77 P.S. § 991(d), authorizes penalties for violations of the Act, the rules or regulations. This Court has stated:

> 'No penalty may be imposed under [Section 435] [of the Act] absent proof of a violation of the Act or the rules of the [D]epartment [of Labor and Industry (Department)] or [B]oard.' [*Gumm v. Workers' Comp. Appeal Bd. (Steel)*, 942 A.2d 222, 232 (Pa. Cmwlth. 2008)] (quoting *Spangler v. Workmen's Comp. Appeal Bd. (Ford)*, . . . 602 A.2d 446, 448 ([Pa. Cmwlth.] 1992)). 'Further, a claimant who files a

---

[3] "This Court's review in [WC] appeals is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated." *Whitfield v. Workers' Comp. Appeal Bd. (Tenet Health Sys. Hahnemann LLC)*, 188 A.3d 599, 605 n.6 (Pa. Cmwlth. 2018).

[4] As the Pennsylvania Supreme Court explained in *Snizaski v. Workers' Compensation Appeal Board (Rox Coal Co.)*, 891 A.2d 1267, 1278 n.11 (Pa. 2006): "Section 430 of the Act, which addresses the effect of an appeal upon a lien of judgment, states that an employer who 'terminates, decreases or refuses' to make a payment is 'subject to' a penalty unless a petition is filed and a supersedeas is granted. 77 P.S. § 971." *Id.*

[5] Added by Section 3 of the Act of February 8, 1972, P.L. 25.

5

penalty petition bears the burden of proving a violation of the Act occurred.[' *Id.*]

*Dixon v. Workers' Comp. Appeal Bd. (Medrad, Inc.)*, 134 A.3d 518, 525 (Pa. Cmwlth. 2016) (footnote omitted).

In order to find that Employer's failure to pay benefits pursuant to the Supersedeas Order violated the Act, the rules, or regulations, Claimant must have appealed from the WCJ's granting of the Termination Petition, since the WCJ's granting of the Termination Petition extinguished Employer's obligation to pay benefits. Claimant failed to do so.

Section 111.11(a) of the Board's Regulations provides, in relevant part:

An appeal or cross appeal shall be filed with the Board on a form provided by the Board. All references to forms mean paper forms or an electronic format prescribed by the Board and published in the *Pennsylvania Bulletin* or [on] the Department's web site located at www.dli.state.pa.us. **All forms must** contain the following information:

. . . .

(2) A statement of the particular grounds upon which the appeal is based, including **reference** to **the specific findings of fact which are challenged and the errors of the law which are alleged**. General allegations which do not specifically bring to the attention of the Board the issues decided are insufficient.

34 Pa. Code § 111.11(a) (emphasis added). Accordingly, pursuant to Section 111.11(a)(2) of the Board's Regulations, **a party must identify the particular grounds for appeal with specificity**. This Court has explained:

[W]e have found that when a party fails to abide by the requirements of [Section] 111.11(a)(2) [of the Board's Regulations] by raising an issue with the requisite specificity *in the appeal documents before the Board*, that party fails to preserve the issue . . . . *Matticks v. Workers' Comp. Appeal Bd. (Thomas J. O'Hora Co.)*, 872 A.2d 196, 202 (Pa. Cmwlth. 2005) ('[the e]mployer effectively waived its

arguments [by not raising them in the appeal documents and t]he fact that [the e]mployer may have argued the issues in its brief to the Board is unavailing as it failed to comply with [Section] 111.11(a) [of the Board's Regulations]'.); *Jonathan Sheppard Stables v. Workers' Comp. Appeal Bd. (Wyatt)*, 739 A.2d 1084, 1089 (Pa. Cmwlth. 1999) (concluding that 'fail[ure] to properly raise and preserve [those] issues' under [Section] 111.11(a)(2) [of the Board's Regulations], by not having the requisite specificity in the appeal documents before the Board, precluded our ability under [Pennsylvania] Rule of Appellate Procedure 1551 to hear the issue). The importance of raising the issue in the appeal documents, as opposed to subsequent briefs, is also found in *Sheridan v. Worker[s'] Compensation Appeal Board (Anzon, Inc.)*, 713 A.2d 182 (Pa. Cmwlth. 1998), in which we concluded that an issue may be preserved for review if it is raised in the appeal documents before the Board, even if [it] is not subsequently briefed before the Board. Nonetheless, **at [a] minimum, the issue must be specifically identified in the appeal documents – 'the mere filing of an appeal does not preserve issues which are not specifically raised' in the appeal documents before the Board**. *Fiorentino v. Work[men's] Comp. Appeal Bd. (Concrete Indus[.], Inc.)*, . . . 571 A.2d 554, 556 ([Pa. Cmwlth.] 1990).

*McGaffin v. Workers' Comp. Appeal Bd. (Manatron, Inc.)*, 903 A.2d 94, 101 (Pa. Cmwlth. 2006) (bold emphasis added).

Failure to appeal an issue within 20 days of the prescribed date "**will result in depriving the Board of jurisdiction to hear the appeal**. Notably, this twenty-day period is jurisdictional, which issue may be raised at any time *sua sponte* by an appellate court. Therefore, the issue of timeliness is not waivable." *Ludwikowski v. Workers' Comp. Appeal Bd. (Dubin Paper Co.)*, 910 A.2d 99, 101 (Pa. Cmwlth. 2006) (emphasis added; citations omitted).

Here, the entirety of Claimant's only alleged error, as stated in her Appeal Form, is as follows:

> Conclusion of Law #2 [(which concluded that Claimant failed to meet her burden of proving a material mistake with respect to the injury description, and thus, denied Claimant's Review Petition)] is in error because [the] WCJ . . . failed to apply the proper burden of proof to Claimant's Review Petition. [The] WCJ . . . erroneously held [] Claimant to a burden of 'proving a material mistake with respect to the description of injury' when it is well established that the . . . Act requires [] Claimant to only prove 'that her disability has increased and that the original work-related injury caused the amending disability' when seeking to amend a notice of compensation payable. *Huddy v. [Workers' Comp. Appeal Bd.] (U.S. Air)*, 905 A.2d 589, 592 (Pa. Cmwlth. 2006).

R.R. at 199a. Claimant made no reference in her Appeal Form to the WCJ's decision granting the Termination Petition or any alleged errors on which the WCJ's decision granting the Termination Petition was based. Thus, since Claimant "fail[ed] to abide by the requirements of [Section] 111.11(a)(2) [of the Board's Regulations] by raising [the] issue with the requisite specificity *in the appeal documents before the Board*, [Claimant] failed to preserve the issue under [Section] 111.11(a)(2) [of the Board's Regulations]." *McGaffin*, 903 A.2d at 101. Accordingly, the Board incorrectly concluded that Claimant appealed from the WCJ's grant of the Termination Petition.

Because Claimant did not appeal from the WCJ's grant of the Termination Petition, the December 10, 2015 Decision and Order granting the Termination Petition became final on December 30, 2015, deprived the Board of jurisdiction to review that portion of the WCJ's December 10, 2015 Decision and Order granting Employer's Termination Petition, and extinguished Employer's existing obligation to pay benefits. Accordingly, the Board was without jurisdiction to order Employer to pay WC benefits by way of the Supersedeas Order on January 15, 2016.[6]

---

[6] Section 423(a) of the Act provides in relevant part:

> Any party in interest may, within twenty days after notice of a [WCJ's] adjudication shall have been served upon him, take an appeal to the [B]oard on the ground: (1) that the adjudication is not in conformity

Since the portion of the December 10, 2015 Decision and Order granting the Termination Petition became final and terminated Employer's obligation to pay benefits, Employer's refusal to pay benefits was in accordance with that portion of the WCJ's unappealed final order and thus, Employer did not violate the Act, the rules, or regulations.[7] *See Dixon*. Accordingly, although this Court disagrees with the Board's rationale in dismissing Claimant's Second Penalty Petition, it affirms on different grounds.[8]

For all of the above reasons, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

---

with the terms of this [A]ct, or that the [WCJ] committed any other error of law; (2) that the findings of fact and adjudication [were] unwarranted by sufficient, competent evidence or [were] procured by fraud, coercion, or other improper conduct of any party in interest.

77 P.S. § 853. Therefore, Claimant was required to appeal from the WCJ's December 10, 2015 Decision and Order by December 30, 2015.

[7] Further, a subsequent Board reversal granting Claimant's Review Petition following the granting of the Termination Petition could only have resulted in the affirmative order to pay new benefits for a different injury. Staying the December 10, 2015 Decision and Order denying the Review Petition did not obligate Employer to pay benefits since, once the Termination Petition was granted and not appealed, Claimant's benefits ceased, and benefits pursuant to the Review Petition had not yet been granted.

[8] "This Court may affirm on grounds other than those relied on below where other grounds for affirmance exist." *Sloane v. Workers' Comp. Appeal Bd. (Children's Hosp. of Phila.)*, 124 A.3d 778, 786 n.8 (Pa. Cmwlth. 2015).

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ana Nunez,       :
      Petitioner  :
           :
    v.       :
           :
Workers' Compensation Appeal  :
Board (FedEx SmartPost, Inc.),  :  No. 1459 C.D. 2019
      Respondent  :

## O R D E R

AND NOW, this 29th day of September, 2020, the Workers' Compensation Appeal Board's September 20, 2019 order is affirmed.

_____
ANNE E. COVEY, Judge