# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John P. Lingelbach, Jr., : 
                Petitioner : 
       : 
       v. : No. 1092 C.D. 2021
       : Argued: October 12, 2022
Cummings Bridgeway, LLC : 
(Workers' Compensation : 
Appeal Board), : 
                Respondent : 

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                   HONORABLE PATRICIA A. McCULLOUGH, Judge
                   HONORABLE ANNE E. COVEY, Judge
                   HONORABLE MICHAEL H. WOJCIK, Judge
                   HONORABLE ELLEN CEISLER, Judge
                   HONORABLE LORI A. DUMAS, Judge
                   HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                          FILED: January 4, 2023

John P. Lingelbach, Jr. (Claimant) petitions for review of the September 9, 2021 order of the Workers' Compensation Appeal Board (Board), which affirmed the November 5, 2020 decision and order of the workers' compensation judge (WCJ) granting the Petition to Review Compensation Benefit Offset and the Petition to Review Compensation Benefits (collectively, Review Petitions) of Cummings Bridgeway, LLC (Employer). On appeal, Claimant argues the Board erred in

determining that Employer could recoup a non-fault overpayment from Claimant's future indemnity benefits. Upon review, we affirm.

## I. Background

On September 25, 2013, Claimant injured his right knee while working for Employer. WCJ's Dec. and Order, 11/5/2020, Finding of Fact (F.F.) 1; Reproduced Record (R.R.) at 17.[1] Claimant initially received temporary total disability (TTD) benefits at a rate of $683.24 per week. *Id.* In response to Employer's Petition to Modify Compensation Benefits, WCJ Ada Guyton issued a decision and order, dated April 25, 2018, in which she reduced Claimant's compensation rate from $683.24 per week for TTD to $392.06 per week for temporary partial disability (TPD), effective April 15, 2016. F.F. 2; R.R. at 17.[2]

Between April 25, 2018 and March 23, 2020, Employer paid Claimant $392.06 per week and Claimant's counsel $74.42 per week. F.F. 4; R.R. at 17. By doing so, Employer paid Claimant's 20% attorney fee in addition to Claimant's full weekly TPD. *Id.* Employer, asserting it should have deducted the 20% attorney's fee from Claimant's weekly TPD payment, reduced Claimant's indemnity benefit payments from $392.06 to $317.64 per week after March 23, 2020. F.F. 4, 5; R.R. at 16, 17. During the time Employer paid Claimant $392.06 per week instead of $317.64 per week, Employer overpaid Claimant a total of $7,962.94 (the overpayment). F.F. 4; R.R. at 16.

On August 7, 2020, Employer filed Review Petitions requesting credit for the overpayment. R.R. at 4-8. The WCJ held hearings on Employer's Review Petitions, at which Employer presented an indemnity payment ledger that showed the

---

[1] In paginating the Reproduced Record, Claimant did not follow each page number with a lowercase "a" as required by Pa.R.A.P. 2173.

[2] The Board affirmed Judge Guyton's order on June 19, 2019. R.R. at 29.

overpayment. F.F. 4; R.R. at 17. In response, Claimant testified that the overpayment was not his fault and that he did not engage in any fraud. F.F. 5; R.R. at 17. When asked if he agreed Employer should receive a credit for the overpayment, Claimant "stated that he [(Claimant)] was a victim and did not want to be a 'participant.'" *Id.* Claimant further testified that after Employer reduced his indemnity payments to $317.64 per week, he was not able to pay his bills and began receiving notices of delinquency. F.F. 5; R.R. at 18. Despite these assertions, Claimant could not recall the details of who he owed or when he began receiving delinquency notices. *Id*. Claimant also testified that if Employer were permitted to reduce his indemnity benefits by an additional $74.42 per week to recoup its overpayment, he would be unable to pay his bills. *Id.*

The WCJ rejected Claimant's testimony about the financial burden to which he would be subjected if his weekly benefits were reduced by $74.42. F.F. 16; R.R. at 18. In regard to Claimant's testimony, the WCJ noted

> during his testimony, the claimant refused to answer several questions posed by counsel, simply responding that he was the victim of an alleged fraud or scam, and that he did not want to participate. Furthermore, the claimant could not recall any details regarding his monthly bills, or the amount of money that he has left over each month after paying his bills. Although the claimant testified that he alone handles his finances, he could not recall the amount of his Workers' Compensation weekly benefits, or the amount of his Social Security Disability benefits. Although he testified that a decrease of his weekly indemnity benefits of $74.42 per week would cause him an inability to pay his bills, he could not provide any reason to support his allegation.

*Id*.

The WCJ found Employer had sustained its burden of proving that it overpaid Claimant a total of $7,962.94. *Id.* The WCJ also found the overpayment was made "in accordance with the Decision of [WCJ Guyton,]" and concluded, as a matter of

3

law, that Employer unjustly enriched Claimant through the overpayment. Certified Record (C.R.), Item No. 7, at 5.[3] Relying upon our decision in *Kiebler v. Workers' Compensation Appeal Board (Specialty Tire of America)*, 738 A.2d 510 (Pa. Cmwlth. 1999), the WCJ concluded that "an employer can recover overpayments through future payments of a claimant's benefits to prevent unjust enrichment or a double recovery." *Id*. Accordingly, the WCJ granted Employer's Review Petitions by order dated November 4, 2020. R.R. at 19. Rather than suspending Claimant's benefits until Employer recouped the overpayment, the WCJ ordered Employer to reduce Claimant's TPD payments by $74.42 per week until it recouped the overpayment. *Id.*

Claimant appealed the WCJ's order to the Board. The Board, by opinion dated September 9, 2021, determined the WCJ did not err in granting Employer's Review Petitions and affirmed the WCJ's order. Claimant timely appealed the Board's decision to this Court.

## II.    Discussion

On appeal, Claimant first argues he is entitled to payment of his full TPD award ($392.06 per week) because WCJ Guyton's order was silent as to the payment of attorney's fees. Claimant next argues that Employer is not entitled to reimbursement because there is no provision in the Workers' Compensation Act (Act)[4] for reimbursement of overpayments. Claimant asserts *County of Allegheny v. Workers' Compensation Appeal Board (Parker)*, 177 A.3d 864 (Pa. 2018) (*Parker II*), and *Crocker v. Workers' Compensation Appeal Board (Georgia Pacific LLC)*,

---

[3]   Claimant did not include page 5 of the WCJ's decision in the Reproduced Record. Accordingly, we cite to the Certified Record for that page.

[4]   Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

4

225 A.3d 1201 (Pa. Cmwlth. 2020), prohibit the application of equitable principles, like unjust enrichment, in workers' compensation cases.[5,6]

In a workers' compensation appeal, we are limited to determining whether the necessary findings of fact are supported by substantial evidence, whether the Board committed an error of law, or whether the Board's decision violates a party's constitutional rights. *See Elberson v. Workers' Comp. Appeal Bd. (Elwyn, Inc.)*, 936 A.2d 1195, 1198 n.2 (Pa. Cmwlth. 2007). "Substantial evidence is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Waldameer Park, Inc. v. Workers' Comp. Appeal Bd. (Morrison)*, 819 A.2d 164, 168 (Pa. Cmwlth. 2003) (citation omitted). "The WCJ is the ultimate factfinder and has exclusive province over questions of credibility and evidentiary weight." *Univ. of Pa. v. Workers' Comp. Appeal Bd. (Hicks)*, 16 A.3d 1225, 1229 n. 8 (Pa. Cmwlth. 2011) (citation omitted).

With regard to Claimant's argument that he is entitled to payment of the full TPD award ($392.06 per week) because WCJ Guyton's order was silent as to the payment of attorney's fees, the Board determined there was no presumption that Claimant was entitled to have Employer pay his attorney's fees since Employer prevailed on the underlying modification petition.[7] The Board further determined

---

[5]  Claimant's issues on appeal have been reframed for clarity.

[6]  Claimant repeatedly attempts in his brief to characterize this matter as an overpayment of attorney's fees. *See generally* Claimant's Br. We reject that characterization. Employer paid Claimant's attorney $74.42 per week, and Claimant has not asserted that Employer should have paid his attorney a different amount each week. Employer also paid Claimant $392.06 per week as TPD benefits. Employer should have only paid Claimant $317.64 per week as TPD benefits. Thus, Claimant received $74.42 each week of TPD benefits that Claimant was not entitled to receive. Claimant's attorney did not receive any amount he was not entitled to receive. Accordingly, this matter does not involve an overpayment of attorney fees; it involves an overpayment of benefits.

[7]  Where the injured worker prevails, a presumption exists that he is entitled to legal fees. *Wood v. Workers' Comp. Appeal Bd. (Country Care Private Nursing)*, 915 A.2d 181 (Pa. Cmwlth. 2007).

WCJ Guyton's silence as to the payment of attorney's fees "did not somehow nullify Claimant's responsibility for his attorney's fees chargeable against the partial disability benefits he was awarded."[8]  Bd. Op., 9/9/2021, at 5; R.R. at 33.  Claimant has not provided any authority for his argument that the Board erred in this regard. *See* Claimant's Br. at 8-9.  It is not this Court's duty to develop a party's arguments. *See Com. v. Brown*, 196 A.3d 130, 185 n.21 (Pa. 2018) (stating that appellate courts are "neither obliged, nor even particularly equipped, to develop an argument for a party.  To do so places the Court in the conflicting roles of advocate and neutral arbiter").  Accordingly, Claimant's first argument fails.[9]

Claimant's next argument is that Employer is not entitled to reimbursement because reimbursement is not provided for in the Act and *Parker II* and *Crocker* prohibit the application of equitable principles in workers' compensation cases.  The Board rejected Claimant's assertion that *Parker II* and *Crocker* prevent equitable principles, like unjust enrichment, from being applied in all workers' compensation cases.  R.R. at 33-34.  The Board distinguished *Parker II* and *Crocker* on the grounds that "[t]hose cases dealt with erroneously awarded litigation costs and unreasonable contest counsel fees." *Id.*  The Board, relying upon *Commonwealth v. Workers' Compensation Appeal Board (Noll)*, 80 A.3d 525 (Pa. Cmwlth. 2013), opined: (a) it did not matter that Claimant was not at fault, (b) Employer unjustly enriched Claimant, and (c) Employer is entitled to recoup the overpayment from Claimant's future benefits.  R.R. at 32.

---

[8]  Attorney's fees of 20% of a workers' compensation award are considered *per se* reasonable. *Workmen's Comp. Appeal Bd. v. Leuschen*, 342 A.2d 810 (Pa. Cmwlth. 1975).  Attorney's fees are chargeable against a claimant's entire award for both present and future benefits. *Quinn v. Workmen's Comp. Appeal Bd. (Gen. Mach. Prods. Co.)*, 353 A.2d 911 (Pa. Cmwlth. 1976).

[9]  We also note that our Court has rejected similar arguments. *See Com. v. Workers' Comp. Appeal Bd. (Noll)*, 80 A.3d 525, 529-30 (Pa. Cmwlth. 2013).

We begin our analysis by reviewing *Kiebler*. In *Kiebler*, the employer overpaid the claimant by approximately $50 per week due to a mathematical error in calculating the claimant's average weekly wage. *Kiebler*, 738 A.2d at 511. In considering the employer's request to recoup its overpayment, our Court reviewed its prior decision in this area, as follows:

> As to the propriety of allowing an employer to recoup overpayments of compensation paid to a claimant in error as the result of the employer's miscalculation, this Court approved such a recoupment in *Fahringer, McCarty & Grey, Inc. v. Workmen's Compensation Appeal Board (Green)*, . . . 529 A.2d 56 ([Pa. Cmwlth.] 1987). In *Fahringer*, the employer erroneously overpaid the claimant $18,320.07 as a result of miscalculating his average weekly wage. We observed that prior case law had recognized in limited circumstances the equitable principle of unjust enrichment in workers' compensation law, *General v. E. Roseman Co.*, . . . 343 A.2d 683 ([Pa. Cmwlth.] 1975), and concluded that restitution was within the authority of the Board to order. Therefore, because the claimant was not entitled to receive the overpayment of compensation benefits, we allowed recoupment to the employer directly from the claimant on the theory of unjust enrichment, directing that the Board deduct a just but moderately reasonable amount from the claimant's future benefit checks. *Accord*, *Fowler v. Workmen's Compensation Appeal Board*, . . . 393 A.2d 1300 ([Pa. Cmwlth.] 1978) (WCJ has the authority, where a mathematical error results in an overpayment to the claimant, to award the employer a credit for the overpayment).

*Id.* at 514 (footnote omitted). Accordingly, our Court in *Kiebler* followed *Fahringer* and permitted the employer to recoup its overpayment from Claimant's future benefit payments. *Id.*

In *Noll*, our Court again reviewed whether an employer could recoup an overpayment of benefits from a claimant's future benefit payments. Like Employer, the employer in *Noll* paid the claimant his full benefit amount without deducting 20% for the claimant's attorney fee "because of a misunderstanding of the WCJ's

7

orders." *Noll*, 80 A.3d at 528. Our Court in *Noll* determined that employer was entitled to recoupment, as its overpayments were the result of a "mistaken belief that those payments were necessary to discharge its duty under the WCJ's orders." *Id.* at 532.

*Noll* is squarely aligned with this case. Claimant, however, asserts that *Parker II* and *Crocker* require us to re-evaluate our holdings, in cases like *Kiebler* and *Noll*, that apply the equitable principle of unjust enrichment in workers' compensation matters. In *Parker II*, the WCJ granted a claimant's claim petition and ordered the employer to pay $14,700 as unreasonable contest attorney fees under Section 440 of the Act, added by the Act of February 8, 1972, P.L. 25, 77 P.S. § 996,[10] to the

---

[10] Section 440 of the Act provides as follows:

(a) In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

(b) If counsel fees are awarded and assessed against the insurer or employer, then the workers' compensation judge must make a finding as to the amount and the length of time for which such counsel fee is payable based upon the complexity of the factual and legal issues involved, the skill required, the duration of the proceedings and the time and effort required and actually expended. If the insurer has paid or tendered payment of compensation and the controversy relates to the amount of compensation due, costs for attorney's fee shall be based only on the difference between the final award of compensation and the compensation paid or tendered by the insurer.

77 P.S. § 996(a), (b).

8

claimant's counsel. The employer appealed the WCJ's order and applied for supersedeas,[11] but the Board denied employer's request for supersedeas. As a result, the employer paid $14,700 to the claimant's counsel while its appeal was pending. The employer ultimately prevailed on appeal, and the employer filed a petition seeking reimbursement from claimant's counsel. In determining the employer was not entitled to reimbursement, the Pennsylvania Supreme Court held Section 440 of the Act did not allow for disgorgement of an unreasonable contest attorney's fees award because the Act specifically addressed reimbursement of erroneously paid compensation benefits yet did not address attorney's fees. *Parker II*, 177 A.3d at 874-75.

In *Crocker,* the WCJ ordered employer to pay claimant's litigation costs (that did not include attorney's fees) pursuant to Section 440 of the Act, 77 P.S. § 996, because the claimant was the prevailing party. The employer applied for supersedeas, which the Board denied. The employer ultimately prevailed on appeal and then filed a review petition seeking disgorgement from the claimant on the grounds that the claimant was not entitled to workers' compensation benefits and was, thus, awarded litigation costs in error. In determining that the employer was not entitled to recoup litigation costs from the claimant, this Court noted that, "In

---

[11] Section 443 of the Act, added by the Act of February 8, 1972, P.L. 25, 77 P.S. § 999, provides a mechanism for employers to be reimbursed for workers' compensation benefits which are ultimately determined to have been awarded erroneously. Section 443, in relevant part, provides as follows:

> (a) If, in any case in which a supersedeas has been requested and denied . . . payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable the insurer who has made such payments shall be reimbursed therefor.

77 P.S. §999(a).

9

*Parker II*, our Supreme Court expressly rejected the idea that 'equitable principles . . . should be read into the Act to prevent unjust enrichment,' determining 'that the intricate statutory scheme enacted by the General Assembly precludes such a reading of the Act.'" *Crocker*, 225 A.3d at 1210-11 (quoting *Parker II*, 177 A.3d at 874). Accordingly, since Section 440 of the Act did not provide a mechanism for employers to be reimbursed for litigation costs wrongly paid, our Court determined that the employer was not entitled to reimbursement. *Id.*

*Parker II* and *Crocker* are distinguishable from this matter. *Parker II* and *Crocker* both involved requests for recoupment of costs, i.e., claimant's counsel fees and litigation costs, respectively, that an employer paid while its appeal was pending and after its request for supersedeas was denied. When the awards were ultimately overturned on appeal, the employers sought reimbursement. *Parker II* and *Crocker* dealt with disputes on whether the workers' compensation benefit award was proper in the first instance. Here, the propriety of the award is not in dispute. The issue is simply a matter of overpayment. In other words, Sections 440 and 443 of the Act are not implicated here whatsoever.

As outlined above, the Supreme Court explained in *Parker II* that the presence of an "intricate statutory scheme" governing supersedeas precluded the addition of extra-statutory equitable principles in the context of supersedeas reimbursements. *Parker II*, 177 A.3d at 874. Specifically, in its concluding paragraph the Supreme Court explained, "we hold that **Section 440** of the Workers' Compensation Act does not allow disgorgement of an unreasonable contest attorney's fee award that was previously paid to a claimant's counsel." *Id.* at 875 (emphasis added). Unlike in the context of supersedeas reimbursements, however, the Act does not address mistaken overpayments of *properly awarded* workers' compensation benefits. As a result, the

10

rationale the Supreme Court outlined in *Parker II* for restricting the application of equitable principles in the context of supersedeas reimbursements does not apply to this case.

Accordingly, we do not agree with Claimant's assertion that *Parker II* and *Crocker* should be applied outside the context of supersedeas reimbursements. Instead, we follow the rationale set forth in our prior decisions, like *Kiebler* and *Noll*, and conclude the Board did not err in determining that Employer can be reimbursed for the overpayment from Claimant's future indemnity benefits.

## III. Conclusion

For the reasons set forth above, we affirm the Board's September 9, 2021 order.

_____
STACY WALLACE, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

Judge Dumas concurs in result only.

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John P. Lingelbach, Jr.,      :
          Petitioner    :
                           :
      v.                :   No. 1092 C.D. 2021
                           :
Cummings Bridgeway, LLC   :
(Workers' Compensation     :
Appeal Board),            :
          Respondent   :

# **O R D E R**

     **AND NOW**, this 4th day of January 2023, the September 9, 2021 order of the Workers' Compensation Appeal Board is **AFFIRMED**.

 

 

_____

STACY WALLACE, Judge